# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1226

_____

Ogechi Mathew Matara,          *
*
         Petitioner,          *
         * Petition for Review of a
         v.          * Decision of the Board of
         * Immigration Appeals.
John Ashcroft, Attorney General          *
of the United States of America,          * [UNPUBLISHED]
         *
         Respondent.          *

_____

Submitted: December 16, 2004
Filed: January 24, 2005

_____

Before LOKEN, Chief Judge, and MORRIS SHEPPARD ARNOLD and RILEY,
Circuit Judges.

_____

PER CURIAM.

Ogechi Matara petitions for review of an order without opinion of the Board of Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of Mr. Matara's application for asylum, withholding of removal, and relief under Article III of the United Nations Convention Against Torture. Mr. Matara argues that the IJ abused her discretion by failing to consider all of the evidence that he presented and by distorting his claim. We affirm the order of the BIA.

Mr. Matara asserts that he is Kenyan and that he would face persecution for his political opinions if he were to return. The IJ, however, doubted Mr. Matara's credibility, since Mr. Matara admits to lying to South African authorities about his country of origin in the course of his journey from Kenya to the United States, lacks any identification documents to corroborate his Kenyan citizenship, and gave two conflicting dates on which Kenyan police allegedly arrested and harassed him for his political activities. With such evidence in the record, we cannot conclude that "no reasonable factfinder could fail to find" that Mr. Matara had "the requisite fear of persecution" that qualifies him for the refugee status necessary for asylum. *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992); *see* 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.13(a). Substantial evidence therefore supports the IJ's denial of Mr. Matara's application for asylum, and thus that ruling was not an abuse of discretion. *See Hasalla v. Ashcroft*, 367 F.3d 799, 803 (8th Cir. 2004).

To succeed on his application for withholding removal, Mr. Matara must show a clear probability of persecution, which means he must demonstrate that he more likely than not would face persecution if returned to Kenya. *See INS v. Stevic*, 467 U.S. 407, 424 (1984); 8 C.F.R. § 208.16(b)(2). The same is required for relief sought under Article III of the United Nations Convention Against Torture. 8 C.F.R. § 208.16(c)(2). Since it is less difficult for Mr. Matara to prove his eligibility for asylum than to show his entitlement to withholding removal or relief under the Convention Against Torture, *see INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-32 (1987), *a fortiori* substantial evidence supports the IJ's denial of Mr. Matara's application for withholding removal and relief under the Convention.

Affirmed.

_____